NATHANIEL FOWLER, PLAINTIFF IN ERROR, v. THE STATE
OF NEW JERSEY, DEFENDANT IN ERROR.

58  423
s59  585
58  423
62  690

1. A struck jury is a legal one within the constitutional requirement.
2. The statute does not require the presence of the parties when the judge selects the jury-list.
3. An objection that the jury-list was not struck from the jury-book of the sheriff "as required by law," is too general and will not avail on error.

On error to the Hudson Quarter Sessions.

Argued at November Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and LUDLOW.

For the plaintiff in error, *William D. Daly.*

*Contra, Charles H. Winfield,* prosecutor of the pleas.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.  The defendants were election officers, and have been convicted of the offence of conspiring to prevent and obstruct the administration of the laws of the state regulating elections.

Sundry exceptions were taken to the course of law pursued at the trial, which will be briefly noticed *seriatim.*

The first of these contentions was that the jury that had been struck was unconstitutional, inasmuch as the fundamental law, which declares that "the right of a trial by jury shall remain inviolate," calls for an ordinary jury and not for a special one.

The obvious answer to this objection is that the trial by a struck jury was part of the system of legal procedure derived by the people of this state from the English law, and that it was confirmed and regulated by legislation in this commonwealth as early as the year 1797 (*Pat. L.*), which was forty-

seven years before the constitution of 1844 was established. The constitutional mandate referred to, therefore, did nothing more than to ratify and perpetuate the right of trial by jury as, in substance, it then existed.

This objection must be overruled.

The second exception to be noticed is that the jury-list was selected by the judge out of the presence of the defendants and their counsel.

The answer to this contention is that the statute does not require the presence of the defendants or their representative. The requisition is that the defendants shall have notice of the time and place of the attendance of the sheriff with his general jury-book before the judge, and that then such judge shall, " in the presence of the parties or their agents or attorneys, *or such of them as shall attend for that purpose,* select and transcribe," &c. *Gen. Stat., p.* 1856, § 62.

It may have been that the defendants voluntarily absented themselves; it was not alleged that they did not have notice of the time and place of selection.

This objection is without substance.

The last position was thus stated by counsel in these words, viz., "Another point we desire to make is that the forty-eight names struck by the court as a list in this case were not struck from the jury-book of the sheriff *as required by the statute.*"

This exception was overruled and properly so, for in what respect the selection did not harmonize with the statute, was not specified. The ground of challenge must be so stated that the state can demur to its sufficiency in point of law or raise an issue with respect to the truth of the facts set forth. The statement of the objection to the procedure in the present instance was so general and indefinite that neither the one course nor the other could be taken.

The objection in such a form was a nullity.

The other points raised have been considered, but we do not think it necessary to discuss them.

Let the judgment be affirmed.