ISCHE, Appellant, vs. ISCHE, Respondent.*

*January 13—March 29, 1948.*

* Motion for rehearing denied, with $25 costs, on May 25, 1948.

*Roy R. Stauff* of Milwaukee, for the appellant.

For the respondent there was a brief by *Lecher, Michael, Spohn, Best & Friedrich,* attorneys, and *Herman E. Friedrich* of counsel, all of Milwaukee, and oral argument by *Mr. Friedrich.*

FRITZ, J. Upon the plaintiff, Louise Ische, (hereinafter called the "appellant") commencing this action on November 1, 1945, against the defendant, Gordon Ische, (hereinafter called the "respondent") for a divorce from bed and board, and the award of alimony, division of estate, and the award to her of the custody of their minor son, with sufficient money for his support and maintenance, she alleged in her

complaint in this action (so far as here material) the following matters:

That ever since the marriage of said parties they have been residents of Wisconsin, and heretofore he instituted in the circuit court for Milwaukee county an action against her for absolute divorce, and after a trial of the issues therein, judgment was entered on March 31, 1944, dismissing said action on the merits, and upon his appeal to the supreme court said judgment was affirmed. That in July, 1944, she commenced an action against her husband in the circuit court for Milwaukee county for the support and maintenance of herself and their son, and after a trial of the issues therein, the court entered judgment on February 27, 1945, awarding to her the custody of the son and the payment of a certain sum of money as alimony and for the son's support and maintenance. That no other action for divorce of the parties or affecting their marital status had heretofore been instituted in this state or elsewhere, *excepting* that on April 20, 1945, she received a copy of a summons and complaint in a purported action for divorce appearing to have been instituted by her husband against her in the Second Judicial district court of Nevada for Washoe county, but that except as aforesaid she was in no manner served in said action and did not become a party thereto; and that except as respondent orally informed her and her counsel that judgment was entered in said action, she does not know of the ultimate disposition of said action. That about May 30, 1942, at the city of Wauwatosa, Wisconsin, respondent, without cause or excuse, wilfully deserted and abandoned her and has since remained away from her for more than one year next preceding her commencement of this action on November 1, 1945.

In his answer to these and other matters alleged in appellant's complaint in this action, respondent alleged, in abatement thereof, the following (so far as here material):

That the parties were absolutely divorced on May 19, 1945, by a valid decree of said Nevada district court in accordance with the laws of that state, and at the time of such judgment said court had jurisdiction of said cause; that at the time of the

commencement of said action in Nevada on April 13, 1945, respondent for more than six weeks prior thereto was, and ever since said time, has been and now is a *bona fide* resident of, and domiciled in, said state; and that under sec. 1, art. IV, U. S. Const., said judgment is, in all things, valid and subsisting, and entitled, and required, to be recognized in Wisconsin and elsewhere as a valid and subsisting judgment, and that full faith and credit shall be given thereto by the state of Wisconsin and the courts thereof, and any failure so to do would constitute a violation of said provision of the constitution of the United States. That respondent denies that he has been a resident of Wisconsin since February 20, 1945, and is now a resident thereof; and alleges that on February 20, 1945, he intended to and did change his residence and domicile from Wisconsin to Nevada and ever since then he has been and now is a *bona fide* resident of, and domiciled in Nevada; and that while such resident he, on April 13, 1945, commenced said action for divorce against Louise Ische. That he admits that on April 4, 1942, they ceased living together as husband and wife and since said time they have not lived together or cohabited, but denies that it was without cause, provocation, justification, excuse or in disregard of any duty on his part. Upon the matters thus alleged defendant demanded judgment granting his plea in abatement, and adjudging that said Nevada district court judgment of divorce between the parties be declared valid and binding, and that appellant's complaint in this action be dismissed.

Following the trial in the circuit court for Milwaukee county of the issues raised under said pleadings of the parties, the circuit court, in its written decision filed December 30, 1946, stated that in the decree (of said Nevada district court) it recited, upon the subject of domicile,—

"That for more than six weeks immediately prior to the commencement of this action, the plaintiff [Gordon Ische] was and now is an actual and *bona fide* resident of and actually and corporeally residing and being and domiciled in the county of Washoe, state of Nevada; that at the time he came to the state of Nevada he came with the *bona fide* intention of making the state of Nevada his permanent home, place of residence and

domicile for an indefinite period of time, and the plaintiff has said intention at the date hereof."

In relation to said recital the circuit court stated in said decision,—

"Plaintiff has challenged the above finding of the Nevada court upon the question of domicile and contends that defendant had no *bona fide* intention to establish a residence in Nevada except for the purpose of obtaining a judgment of divorce in that state."

And in relation to the issues thus raised, the circuit court's statements in its findings of fact filed in February are to the following effect:

(No. 2) Gordon Ische was, at the time of the commencement of this action, and now is, a *bona fide* resident of Lawton Springs, Washoe county, Nevada.

(No. 3) On May 19, 1945, in the action in said Nevada district court for Washoe county, the bonds of matrimony between him and Louise Ische were absolutely dissolved and the parties divorced by a decree of said court in accordance with, pursuant to and in conformity to the laws of Nevada.

(No. 4) Gordon Ische established a *bona fide* residence and domicile in Washoe county, Nevada, on February 20, 1945, then and there intending to make such state his permanent residence indefinitely, and he then and there intended to and did relinquish and abandon his residence in Wisconsin and change the same from Wisconsin to Nevada, and ever since said time he has been and now is a continuous *bona fide* resident of Nevada, and Washoe county therein; and *he did not establish such residence for the purpose of commencing the aforesaid divorce action in Nevada or circumventing in any wise the laws of Wisconsin.*

(No. 5) He was ever since February 20, 1945, or more than six weeks immediately prior to the commencement of that action, and at the time of trial thereof, and now is, a *bona fide* resident of and domiciled in Nevada, having ever since, and continually, from said February 20, 1945, intended such place as his permanent home.

(No. 6) Upon his arrival at Reno, Nevada, on February 20, 1945, he immediately took permanent employment in a responsible job as night superintendent in one of the largest garages and service stations in Nevada, serving the business area of Reno, and he maintained himself and his son and plaintiff herein from his salary there and had no other source of income at that time; and shortly after his arrival in Nevada he also began to make plans for his own business venture there and negotiated with his business friends for a partnership deal in which he was expected to invest his personal services in the electrical appliance sales business which he knew very well.

(No. 7) Upon his arrival he made plans for the purchase or building of a permanent home and investigated many properties and values in an attempt to find one which was suitable and within his means; and within a few days after his arrival he rented an apartment, and indicated the same was on an indefinite basis and until he could build or buy a home of his own in Washoe county; and after much search he obtained a ranch site at Lawton Springs in said county, and immediately erected his home there where he has lived ever since.

(No. 8) Defendant is president and holder of 185 out of 195 shares of the outstanding stock of Ische Brothers Radio Company, a Wisconsin corporation, engaged in the electrical appliance sales business since 1930, which suffered badly during the war, but to which he held on for a possible future value by way of retaining franchises until after the war; and upon hearing that the franchises of said business were in jeopardy, he obtained a leave of absence from his employer at Reno, Nevada, in the fall of 1945 and returned to Milwaukee for the sole purpose of investigating the question of preserving said corporate business and franchises, and attempting to rebuild the business in the future for the purpose of preserving it for his seventeen-year-old son, whom he was training in the store; and at the same time he continued his plans for the new business of his own in Nevada.

The court further found and concluded:

(No. 12) "That because of the established rule that, notwithstanding the full-faith-and-credit clause of the United States constitution, as announced in *Williams v. North Caro-*

*lina,* 325 U. S. 226, and other cases, such finding of jurisdiction by the Nevada court was not binding upon this court, this court allowed to the plaintiff [Louise Ische] herein the widest latitude in her attempt to show that the defendant had not established *bona fide* residence in Nevada and that as a consequence thereof, the Nevada court was without jurisdiction to render the judgment of divorce referred to. Notwithstanding such latitude the plaintiff wholly failed to sustain such claim in anywise, and the *court does find as a fact* that the defendant herein *did establish his residence and domicile* and permanent home *in* the state of *Nevada,*" as found by said Nevada district court in its findings and judgment, viz. : "that he established the same with the *'bona fide* intention of making the state of Nevada his permanent home, place of residence and domicile for an indefinite period of time,' and that the same was the truth and the fact at that time and ever since has been such, and that it is now the intention of the defendant herein to continue that state as his domicile indefinitely, and as his permanent home, all from and after February 20, 1945."

(No. 13) The judgment entered by said district court "is in all things a valid and subsisting judgment and entitled to the full faith and credit of this court in this proceeding under the constitution of the United States, and particularly article IV, . section 1, thereof, and that at the time of the entry of said judgment" the said Nevada court had full and complete jurisdiction to enter the same, and that it "is in all things valid and subsisting and in full force, virtue, and effect, and binding upon this court herein.

(No. 14) "That consequently the defendant's plea in abatement in this action must be and hereby is sustained and granted, and that the defendant is entitled to judgment accordingly and recognizing, sustaining and confirming in all things such judgment" of the Nevada court.

But, in connection therewith the circuit court, instead of then entering any judgment accordingly, concluded :

"That this court do retain jurisdiction of said cause, however, as an original action in this court for alimony, support monies, division of estate and determination of custody of the minor child, inasmuch as such matters were not judicially determined or determinable in the former action and judgment

in said "Nevada district court," or in the former action in the, circuit court for Milwaukee county, . . . between the parties hereto for support and separate maintenance. It is accordingly hereby ordered that such jurisdiction be retained and that the matter of application for such support, alimony, division of estate and custody, and objections thereto, and the issue so joined, be heard before this court at a date to be hereafter set by the court on at least three days' notice to counsel."

Then, prior to the entry of any judgment, Louise Ische, in this action, filed a petition praying that the circuit court,—

"entertain the questions of the custody of the minor child of the parties, the granting of alimony and division of estate, and that its determination upon such questions be covered by and embodied in its findings of fact and conclusions of law and. judgment herein;"

and upon that petition the circuit court ordered the respondent to show cause why the relief thus prayed for should not be granted. Pursuant to that petition and with the apparently voluntary acquiescence and participation of both of the parties, there were further proceedings and a hearing in said action, and upon the evidence then presented by each of them, the circuit court made additional findings of fact and conclusions of law in relation to relief in all of the respects prayed for in said petition. And upon the court's findings and conclusions of law in all of the aforesaid respects, the court entered judgment which (so far as here material) provided:

That said certain judgment of divorce entered in and by said Nevada district court should be and hereby is in all things a valid and subsisting judgment and entitled in this proceeding to full faith and credit under and by virtue of the constitution of the United States and sec. 1, art. IV, and that said Nevada court at the time of entry and docketing of judgment had full and complete jurisdiction to enter the same, which ever since said time had been and now is valid and subsisting and in full force, virtue, and effect and entitled to full recognition by, and binding upon this court; that defendant's plea in abatement in this action is hereby sustained and plaintiff's complaint,

so far as it attacks the judgment of said district court is hereby dismissed; that said judgment and likewise the judgment entered and docketed in the circuit court for Milwaukee county, in the separate maintenance action of Louise Ische vs. Gordon Ische, "did not determine or lawfully adjudge the matters of alimony, support monies, division of estate," and the "custody of the minor child, and this court has jurisdiction thereof, notwithstanding it has no jurisdiction with respect to the marital status of the parties," and it is therefore "further adjudged and decreed that as and for a full and final *division of estate* between the parties hereto the plaintiff do have and recover of the defendant" $10,000, and the household furniture and effects (excepting specified articles) in the premises thereinbefore described; that defendant do have as his sole property, free and clear of any interest of any sort of the plaintiff, certain other specified personal property and described real estate; and that as and for permanent alimony for the use and benefit of Louise Ische, and in addition to the division of estate thereinbefore set out, the defendant pay to her $80 per month, and also pay $20 per month as maintenance and support for the minor son of the parties.

On her appeal from that judgment, appellant's principal contention is that the finding of the circuit court that respondent established a *bona fide* residence and domicile in the state of Nevada on February 20, 1945, intending to make such state his permanent residence is not supported by the evidence. This contention cannot be sustained. The material facts which constitute the basis for the court's findings and conclusions to that effect are stated in detail in its findings which it numbered 2, 4, 5, 6, 7, 8, and 12. And the facts therein stated,—and particularly in findings Nos. 6, 7, and 8, and the last complete sentence in No. 12,—fully warrant the court's conclusion of law stated in the above-quoted paragraph No. 13. Upon carefully reviewing the record it is clearly evident that there was ample testimony which the trial court could consider credible and sufficient to clearly establish the facts stated in its findings. Consequently, as they could be disturbed and set

aside only if they were contrary to the great weight and clear preponderance of the evidence, they cannot be reversed on this appeal. *Will of Kintopp,* 250 Wis. 381, 383, 27 N. W. (2d) 481 ; *Angers v. Sabatinelli,* 246 Wis. 374, 386, 17 N. W. (2d) 282, 18 N. W. (2d) 705. Under the circumstances no useful purpose will be served by discussing in detail either the evidence which the trial court could consider credible and sufficient to establish its finding, or the evidence which appellant claims is in conflict therewith.

Appellant contends also that the circuit court could not find that respondent had a *bona fide* residence in Nevada at the time he obtained his divorce there in the face of the judgment denying a divorce on his complaint in his prior action in circuit court for Milwaukee county. This contention is based by appellant on the proviso in sec. 247.21, Stats.,—

"that if any inhabitant of this state *shall go into another state,* territory or country *for* the *purpose of obtaining a decree of divorce* for a cause which occurred while the parties resided in this state, or *for a cause which is not ground* for divorce *under the laws of this state,* a *decree so obtained shall be of no force or effect in this state."*

Appellant claims those provisions are applicable to respondent and that in view thereof the Nevada divorce judgment is of no force or effect in Wisconsin, because the ground on which it was based under a Nevada statute, viz. : "that for more than three consecutive years last past and immediately prior to the filing of the complaint in this action, the plaintiff and defendant have been and still are living separate and apart, without cohabitation," *"is not ground* for divorce *under* the *laws of this state"* (as these words are used in the above-quoted provision in sec. 247.21, Stats.).

Appellant's contention in those respects cannot be sustained. Solely the fact that the divorce granted in Nevada was based on some other cause, which is not a ground for divorce in Wisconsin, does not render ineffective or of no force the divorce,

so obtained. That consequence does not result under said provision in sec. 247.21, Stats., unless, in connection with that fact, there is also established and found by the court the additional fact, which is likewise essential in order to render the statute applicable, that, as is provided therein, such inhabitant of Wisconsin *did* "go into another state, territory or country *for the purpose of* obtaining a decree of divorce" on the ground of some such other cause which is not a ground for divorce under the laws of Wisconsin. On the contrary, instead of finding that respondent went to Nevada for said purpose, the circuit court found and concluded in this action,—as the Nevada district court likewise had decided,—that respondent *established his residence and domicile in Nevada* on February 20, 1945, *with the bona fide intention of making Nevada his permanent home,* and that it *was then and ever since has been so,* with his *intention to continue there indefinitely.* Therefore said provision in sec. 247.21, Stats., and the consequences thereunder are not applicable in this case.

Appellant further contends that when the trial court sustained respondent's plea in abatement the action was abated entirely and that,—although appellant then petitioned for other relief,—the court had lost jurisdiction to adjudicate therein a division of the respondent's estate, his payment of alimony, and money for the support of their son, etc. No such loss of jurisdiction occurred, in view of the following procedure and circumstances in the action. No judgment dismissing the action was actually entered pursuant to the court's findings and conclusion of law, dated February 24, 1947, although it could have been then entered on an application by either of the parties. Instead, the court, in subsequent final conclusions of law, stated:

"That this court do retain jurisdiction of said cause, however, as an original action in this court for alimony, support monies, division of estate and determination of custody of the minor child, inasmuch as such matters were not judicially de-

termined or determinable in the former action and judgment in said Second Judicial district court of the state of Nevada . . . , or in the former action in the circuit court for Milwaukee county, Wisconsin, between the parties hereto for support and separate maintenance. It is accordingly hereby ordered that such jurisdiction be retained and that the matter of application for such support, alimony, division of estate and custody, and objections thereto, and the issue so joined, be heard before this court at a date to be hereafter set by the court on at least three days' notice to counsel."

To these conclusions of law and order neither of the parties apparently objected. On the contrary, thereunder and evidently pursuant thereto and in the same action, the appellant filed in the still-pending action the above-stated petition in which she prayed that the court,—

"entertain the questions of the custody of the minor child of the parties, the granting of alimony and division of estate, and that its determination upon such questions be covered by and embodied in its findings of fact and conclusions of law and judgment herein."

And pursuant and in response to that petition, the respondent voluntarily continued to appear and participate in the subsequent proceedings in the action which resulted in the court's filing its additional conclusions of law numbered 21 to 30, and the entry finally of a judgment with provisions for also a division of estate and alimony, the custody of the son, and payments for his support, etc. Those provisions,—excepting as to the division of estate,—were substantially to the same effect as the provisions in the judgment in appellant's prior action for separate maintenance for herself and the son, which,—in turn,—were also incorporated in the judgment entered in the Nevada district court. And on this appeal neither party contends that there is any error on the part of the circuit court in any provision which is in the judgment under review in relation to the division of estate, alimony, custody of the son, or payments for his support. As it is expressly stated, in con-

nection with the provision in the Nevada court's judgment in relation to the payment of alimony and support money for the son, that such payments are to continue during specified periods of time, "*or until* the further order of the court," said provision for such payments is subject to revision by the Nevada court, and consequently is not a final decree in that state; and therefore does not deprive courts in other states of jurisdiction to change the amount or manner of such payments in proper proceedings· for that purpose. *Setzer v. Setzer,* 251 Wis. 234, 236, 29 N. W. (2d) 62.

In relation to all of the matters thus adjudicated in the above-stated manner by the circuit court, there was virtually a submission of the matters in controversy to that court as the result of appellant's voluntarily filing in the pending action her petition for a division of estate, etc., and of respondent's voluntarily acquiescing and participating in all subsequent proceedings therein for the purpose of having the circuit court decide the matters thus submitted in said action. As the circuit court had duly acquired jurisdiction in this action by appellant's commencement thereof to procure a judgment of divorce from bed and board and the award of alimony, and a division of estate; and, as respondent had appeared personally therein, so that the court had jurisdiction of both parties as well as the subject matter of the action, there became applicable therein, under and in view of the above-stated particular facts and circumstances in this case, the provisions in sec. 247.01, Stats., that "The circuit court has jurisdiction of all actions to affirm or to annul a marriage, or for a *divorce* from the bond of matrimony, or *from bed and board,* and *authority to do all acts and things necessary and proper in such actions. . . .*" And there are also applicable to the court's adjudication as to alimony, division of estate, payments for the son's support, etc., the provisions in sec. 247.28, Stats., that, "In a judgment in an action for a divorce, *although such divorce be denied,* the *court may make such order for the support and maintenance*

of the *wife and children,* or any of them, *by the husband or out of his property* as the nature of the case may render suitable and proper." And in determining the extent of the court's jurisdiction in respect to the matters thus adjudicated, there can be deemed applicable here the conclusion stated in *Dovi v. Dovi,* 245 Wis. 50, 55, 57, 58, 13 N. W. (2d) 585, viz.:

"On the authority of that case [*In Matter of Badger,* 286 Mo. 139, 226 S. W. 936, 14 A. L. R. 286] and for additional reasons hereinafter stated, it is considered that a court of equity has jurisdiction of personal rights, including those of infants, and it is further held that such jurisdiction may be exercised in divorce actions as well as in other actions of an equitable nature. Sec. 247.28, Stats., regulated the exercise of the equity jurisdiction of the court. It did not confer jurisdiction upon the court. The court receives its jurisdiction from the constitution, hence the legislature cannot take it away. . . .

"After consideration of the authorities it is considered and held that courts of equity have such jurisdiction and that, where the question is presented to a court of equity in a divorce action and a divorce is denied, the court may properly exercise that jurisdiction. . . . In this country the matter of divorce was committed of necessity to courts of equity but when courts of equity were awarded that jurisdiction over divorce actions equitable principles applied. As was said in *Rooney v. Rooney* (1896), 54 N. J. Eq. 231, 242, 34 Atl. 682, where the question was considered:

"'The equitable nature of the suit [divorce] being established, and it being brought in a court of equity, it seems to me that it should be dealt with upon the same equitable principles as other suits founded upon ordinary equities.'"

It follows that there cannot be sustained appellant's contention,—asserted for the first time on this appeal,—that the circuit court did not continue to have jurisdiction to adjudge the division of the estate, alimony, custody, and payments for the support of the son, etc., pursuant to the prayer in her own petition.

*By the Court.*—Judgment affirmed.

· The following opinion was filed April 14, 1948:

WICKHEM, J., (*dissenting*). I am of the view. that the finding that defendant in good faith established a residence in Nevada is against the great weight and clear preponderance of the evidence.

Defendant was born in this state, but the record is silent as to where he resided up to 1923. He had lived in Milwaukee continuously since 1923, however. He was the owner of a well-established electrical appliance store and operated a small cattle farm. He sued plaintiff for divorce on June 23, 1942. Judgment was entered denying him a divorce on March 31, 1944. This judgment was affirmed upon defendant's appeal in December, 1944. Defendant counseled with his attorneys about going to Nevada but was advised against it. Within a month he left for Los Angeles with his mother. After a short stay in California he came to Reno on February 20, 1945. He almost immediately met the attorney who handled his divorce case, consulted with him in March, commenced a divorce action as soon as the six weeks' residence requirement of the Nevada law had expired, and was granted a divorce on May 19th. In the meantime he had written to Jane Cox, who had previously been his employee and over whom the parties had theretofore quarreled, and asked her to come to Reno and marry him, which she did on May 25th. He returned to Milwaukee in August to take care of his business and since that time has been going back and forth between Milwaukee and Reno. When he left upon this trip the war was on and he did nothing to advise the draft board of a permanent change in residence.

Considered against its background and having in mind the element of time sequence this series of events speaks loudly of an intention to go to Nevada for the temporary purpose of getting a divorce and then returning to Wisconsin. It is difficult to suppose that the original act of leaving the state almost immediately after the denial of a divorce was not for such purpose. The divorce action was prosecuted with as much ex-

pedition as the Nevada law permitted and arrangements for a second marriage made in such a way that this event could take place as soon as the divorce was granted. There was an almost immediate return to Milwaukee where defendant had and has since maintained a substantial business.

As against this we have the protestations of defendant that he left the state meaning never to return; that the climate and business prospects in Nevada are such that he proposes to stay there indefinitely and that his return to Wisconsin was solely for the purpose of supervising his business and preserving it for ultimate transfer to his son who is now only sixteen years of age. In addition to this, defendant testified that he had invested in real estate and built a home. In fact, he had bought seven acres of land at a cost of $750 and built a cabin on it at a cost of $780. In view of defendant's net worth and standards of living it appears to me that these investments are trivial in amount and significance. So far as his statements of subjective intention are concerned it appears to me that his actions speak much louder than his words and that as a matter of law the findings are against the great weight of the evidence.

There is also some rather nebulous testimony concerning possible business ventures in Nevada. This appears to me to be of inconsequential weight. In may be that there is some evidence favorable to defendant and that in a jury case a finding of good faith could not be set aside as wholly unsupported but the familiar doctrine that the findings of a trial court must not be against the great weight and clear preponderance of the evidence assumes that there is some evidence to support the trial judge but requires that it be not outweighed by the contrary evidence. It appears to me that where defendant's actions point so strongly to a simulated residence and not a *bona fide* domicile they outweigh as a matter of law his own subjective evidence.

I am authorized to state that Mr. Justice HUGHES concurs in this opinion.