L. STRUEBING COMPANY, Respondent, vs. MERCHANTS DES-
PATCH TRANSPORTATION COMPANY, Appellant.
SAME, Appellant, vs. SAME, Respondent.

*April 9—April 26, 1910.*

*Carriers: Damage to goods: Liability: Evidence.*

1. Where goods were delivered to a carrier in good condition and
   were damaged in transit while in its possession through causes
   for which the carrier failed to show that it was not responsible,
   the carrier is liable for the damage.
2. Where goods when received by the consignee were found to be
   damaged by water, a receipt given when they were delivered to
   the carrier, reciting that they were apparently in good condi-
   tion, with some other evidence corroborative of such recital,
   was sufficient to sustain a finding by the court that the goods
   were in good condition when shipped, notwithstanding evidence
   that it rained on that day at the place of shipment.

APPEALS from a judgment of the circuit court for Winne-
bago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This action was commenced to recover for damage to goods
while in transit from New York to Oshkosh. The action was
commenced against the Pere Marquette Railroad Company
and the Wisconsin Central Railway Company and the *Mer-
chants Despatch Transportation Company,* and discontinued
as to the former companies. The complaint charges that on
the 24th day of August, 1901, the goods in question, two
cases of clothing of the value of $1,400, were deposited with
the defendant at New York for carriage over its line from
New York to Oshkosh, Wisconsin, for a reasonable reward,
and that it agreed to safely carry the same, but failed to do so,
in consequence of which they became wet and damaged to the
amount of $300.

The case was tried before the court without a jury, and the
following findings of fact and conclusions of law made:
That the plaintiff is a domestic corporation engaged in the

mercantile business in Oshkosh, Wisconsin; that on the 24th day of August, 1901, J. Wener & Co., of the city of New York, delivered to defendant, at the city of New York, for carriage over its line to the city of Oshkosh, Wisconsin, two cases of boys' and youths' clothing, the subject of this action, and the property of the plaintiff, of the value of $1,342, and the defendant agreed to safely transport the same as a through shipment of freight, as the same were billed, over its lines from New York to Oshkosh, Wisconsin, for a reasonable reward; that at the time of the receipt of said goods at New York said goods were in a good merchantable condition and were so receipted for by the defendant; that the defendant transported said goods over its line by way of various railroads to the city of Ludington, Michigan, by way of Detroit, Michigan, and by way of steamer from Ludington to Milwaukee, Wisconsin, and by way of the Wisconsin Central Railway from Milwaukee to Oshkosh, Wisconsin, the destination of said goods; that on the 31st day of August, 1901, said goods arrived in Oshkosh and were left at the freight depot of the Wisconsin Central Railway in the care of the defendant, at the plaintiff's request, until the 6th day of September, 1901; that on the 1st day of September, 1901, the plaintiff paid the freight charges demanded by defendant for the carriage of said goods; that on the 6th day of September, 1901, said two cases of clothing were delivered to plaintiff, the contents of one case being in a thoroughly water-soaked condition from outside to center of case, the garments badly discolored by water, buttons and buckles rusty, and the clothing musty and moldy, the garments at the outer edge of the case being somewhat dried out by the heat of the season, and that by reason of such water soaking, rust, must, mold, and discoloration said goods were badly damaged to the extent of $115.50, and that interest on said sum at the rate of six per cent. per annum since the commencement of this action is $15; that said damage to said case of clothing occurred while the same was

in course of transit between New York and Oshkosh and while in the possession of the defendant as such common carrier, and through causes for which the defendant has failed to show that as such common carrier it is not liable.

As conclusions of law the court found that the defendant is liable to plaintiff for and on account of said goods to the extent of the difference between the value thereof before and after said damage, which is the sum of $115.50; that the plaintiff is entitled to interest on said sum at the rate of six per cent. per annum from the time of the commencement of this action, which is the sum of $15; that the plaintiff is entitled to judgment against the defendant for the sum of $130.50 damages and the costs and disbursements of this action.

Judgment was rendered upon the findings in favor of the plaintiff against the defendant. Both parties appealed from the judgment; the plaintiff claiming that the court should have found in its favor for $339, and the defendant claiming that the evidence was not sufficient to support the findings giving the plaintiff judgment for any amount.

*F. V. McManamy,* for the plaintiff.

For the defendant there were briefs by *Eaton & Eaton,* and oral argument by *F. J. Eaton.*

KERWIN, J.    There is no serious dispute upon the law in this case.    The court found that the plaintiff contracted with defendant to carry the goods in question safely from New York to Oshkosh for a reasonable reward, and that the goods were delivered to defendant as a common carrier in good condition and were damaged while in its possession in transit from New York to Oshkosh, and through causes for which defendant failed to show that as such common carrier it was not liable.    Upon such facts the defendant is liable for the damages.  *J. H. Cownie G. Co. v. Merchants' D. T. Co.* 130 Iowa, 327, 106 N. W. 749; *Merchants' D. T. Co. v. Bloch Bros.* 86

Tenn. 392, 6 S. W. 881; *John Schroeder L. Co. v. C. & N. W. R. Co.* 135 Wis. 575, 116 N. W. 179; *Blade v. C., St. P. & F. du L. R. Co.* 10 Wis. 4; *Ohlen v. A. & W. P. R. Co.* 2 Ga. App. 323, 58 S. E. 511.    But counsel for defendant argues that the proof on the question as to whether the goods were in good condition and not damaged when delivered to defendant is not sufficient to support the finding.    We cannot agree with counsel in this contention.    There is evidence not only by the receipt given for the goods when delivered to the effect that they were in apparent good condition, but some other evidence corroborative of the recitals in the receipt. The evidence on the part of defendant to the effect that it rained in New York on the day the goods were shipped does not establish that the goods were damaged by rain, or even exposed to rain while being delivered to defendant.    But without extending this opinion with a discussion of the evidence it is sufficient to say that there is ample evidence to support the findings, and therefore the judgment must be affirmed on the defendant's appeal.

The same is true of the plaintiff's appeal.    The only contention of plaintiff on its appeal is that it should have had a larger judgment.    In other words, that the proof showed damage in the amount of $300.    The evidence as to amount of damages was conflicting, some evidence showing $115 damages and some tending to show greater damages; but the finding of $115 damages is supported by sufficient evidence and therefore cannot be disturbed.

*By the Court.*—The judgment of the court below is affirmed on both appeals.