# CASES DETERMINED

# January Term, 1913.

UBER and others, Respondents, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*September 18, 1912—January 7, 1913.*

*Carriers: Damage to goods in transit: Interstate shipment: Action against initial or connecting carrier: Perishable goods: Negligence in giving notice of arrival: Proximate cause of damage: Contributory negligence: Indirect routing.*

1. The federal statute (34 U. S. Stats. at Large, 595, ch. 3591) which gives a right of action against the initial carrier for loss or damage to property shipped from one state into another, does not take away rights of action such as theretofore existed against connecting carriers. *Tradewell v. C. & N. W. R. Co.* 150 Wis. 259, followed.

2. Evidence that on September 10th or 11th a carload of pelts was shipped from Michigan to Milwaukee, Wisconsin, under a bill of lading which made it the duty of the defendant, the last carrier, to notify plaintiffs at Hartford, Wisconsin, of the arrival of the car in Milwaukee; that defendant knew the goods were perishable; that the car arrived in Milwaukee early on the morning of September 15th, but plaintiffs were not notified until September 20th, although the notice could have been given much sooner; that the pelts would remain in good condition at least eight or ten days in warm and longer in cool weather; that they did not reach Hartford until September 23d, and plaintiffs were not notified of their arrival until September 24th, when the pelts were found to be spoiled,—is *held* sufficient to sustain findings by the jury that defendant was neg-

ligent in giving notice of the arrival of the car in Milwaukee, and that such negligence was the proximate cause of the loss.

3. The fact that the shipment was routed to Milwaukee instead of direct to Hartford, although it may have contributed proximately to the spoiling of the pelts, did not establish contributory negligence on the part of the shippers, it appearing that there was ample time to transport the pelts without injury by the route selected if defendant had exercised proper care.

Appeal from a judgment of the circuit court for Washington county: Martin L. Lueck, Circuit Judge. *Affirmed.*

This action was brought to recover damages occasioned by the loss of a carload of sheep pelts shipped from Monroe, Michigan, consigned to the "order of Mainzinger Bros., Milwaukee, Wisconsin, notify Uber Bros. at Hartford, Wisconsin." The pelts were shipped September 10 or 11, 1909, over the Lake Shore & Michigan Southern Railway and received by defendant as connecting carrier at Franklin Park Junction, Illinois, on the 14th day of September, 1909, at 2:35 p. m. The car went forward from Franklin Park Junction September 14, 1909, at 6:10 p. m. From Franklin Park Junction to Milwaukee is less than a ten-hour run. The evidence tends to show that the car arrived in Milwaukee early on the morning of September 15th, and Uber Bros. were not notified until the morning of September 20th. The notification was by mailgram, which is a message sent by train. It was admitted upon the trial by counsel for defendant that upon the arrival of the car at Milwaukee it was the duty of the agent to notify Uber Bros. of the arrival of the goods. The agent of defendant at Milwaukee knew whom the car was for and that it contained perishable property. To insure prompt delivery of the car a tracer was ordered put to the car. The pelts were in good condition when loaded and would remain so for eight or ten days in warm weather.

At the close of the evidence a motion was made by defend-

ant for directed verdict, which was denied, and the jury returned the following verdict:

"(1) Were the pelts in question spoiled while in transit from Monroe, Michigan, to Hartford, Wisconsin? A. (by the court). Yes.

"(2) Did the defendant exercise reasonable care and diligence in notifying plaintiffs of the arrival of said shipment of pelts in Milwaukee? A. No.

"(3) If you answer the second question 'No,' then answer this question: Was such failure to exercise reasonable care and diligence in giving notice the proximate cause of the spoiling of said pelts? A. Yes.

"(4) Did the act of the shippers in routing the shipment to Milwaukee instead of Hartford contribute proximately to the spoiling of the pelts? A. Yes.

"(5) Were the shippers guilty of any negligence on their part in loading the pelts which contributed proximately to the spoiling thereof? A. No.

"(6) What sum of money will compensate plaintiffs for the damages suffered in consequence of the spoiling of said pelts? A. (by the court). Twelve hundred fifty-one and 35/100 dollars."

Motions of defendant to change the answer of the second question from "No" to "Yes" and for judgment upon the verdict as corrected, also for judgment based upon the verdict and the minutes of the court, were denied and due exception taken. Judgment was entered in favor of the plaintiffs, from which this appeal was taken.

For the appellant there were briefs by *C. H. Van Alstine, H. J. Killilea,* and *Rodger M. Trump,* and oral argument by *Mr. Van Alstine* and *Mr. Trump.*

*J. C. Russell,* for the respondent.

The following opinion was filed October 8, 1912:

KERWIN, J. It is first insisted by counsel for appellant that this action cannot be maintained because of the Carmack amendment to the Hepburn act (34 U. S. Stats. at Large,

595, ch. 3591), which makes the initial carrier liable, hence the action in this case should have been commenced against the initial carrier, the Lake Shore & Michigan Southern Railway Company. This question was considered in *Tradewell v. C. & N. W. R. Co.* 150 Wis. 259, 136 N. W. 794, and this court said: "We think the rule established by this court, that action may be maintained against the last carrier, is still in force and not abrogated by the Carmack amendment." We are asked by counsel for appellant to reconsider this statement, and it is urged that it is not the law, but on the contrary it is insisted that the action. cannot be maintained against the last carrier since the passage of the Carmack amendment. The contention of counsel upon this point is in substance that the contract of shipment from Monroe, Michigan, to Milwaukee, Wisconsin, was an interstate commerce contract under which the initial carrier was made liable under the Carmack amendment, the connecting carrier, the defendant here, being merely the agent of the initial carrier, therefore not liable to the plaintiffs; that Congress having legislated respecting the matter, such act superseded all state laws, statutory and common, covering the same field. Whether this contention would be sound in the absence of the proviso in the Carmack act, namely, "provided, that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law," we need not consider. We think it clear from the whole act that the purpose of Congress was to give a remedy absolutely in all cases against the initial carrier, but at the same time preserve all remedies existing before the passage of such act. Now, before the passage of the Carmack act the plaintiffs in this state clearly would have a remedy against the last carrier, and, as we held in the *Tradewell Case,* we do not think that remedy was abrogated. We have carefully considered the argument of counsel and the authorities cited upon this proposition and are still of the opinion that

the action in this case was properly brought against the last carrier. *Tradewell v. C. & N. W. R. Co., supra; L. Struebing Co. v. Merchants D. T. Co.* 142 Wis. 657, 126 N. W. 21; *Lamb v. C., M. & St. P. R. Co.* 101 Wis. 138, 76 N. W. 1123; *Laughlin v. C. & N. W. R. Co.* 28 Wis. 204; *Stolze v. A. A. R. Co.* 148 Wis. 205, 134 N. W. 376.

The evidence in this case is ample to support a finding that the goods were in good condition when received by the defendant and were damaged when they reached Hartford, Wisconsin. The defendant, therefore, is liable unless it appears that the damage was through some cause for which it is not responsible.

The negligence relied upon here by plaintiffs is the failure of defendant to seasonably give notice of the arrival of the shipment of pelts in Milwaukee. It is claimed by counsel that the second and third questions of the special verdict, on the giving of notice and whether failure of defendant to exercise reasonable care in giving notice was the proximate cause of the damage, are contrary to the evidence, and in this behalf it is insisted that the defendant owed no duty to give notice to the plaintiffs. It appears, however, that the bill of lading contained the words "notify Uber Bros. at Hartford, Wisconsin," and the plaintiffs offered evidence of custom existing to that effect, which evidence was ruled out. Counsel for defendant on the trial, however, admitted that it was the duty of the defendant to give the notice. So we think it was fairly established in the case that the defendant's duty as a common carrier required it to give notice to plaintiffs of the arrival of the car at Milwaukee. The question, therefore, arises whether there is sufficient evidence to support the answer of the jury to the second question of the special verdict. It appears from the evidence that the car arrived in Milwaukee on the morning of the 15th of September and that plaintiffs were not notified of such arrival until September 20th. In view of the facts that the goods were perishable and that

defendant knew it, and that notice could have been given in a much shorter time, and also in view of the evidence tending to show that the delay was sufficient to cause the damage because the pelts would remain in good condition for at least eight or ten days in warm and longer in cool weather, it was a question for the jury to say whether or not the defendant exercised reasonable care and diligence in notifying plaintiffs. So we think it cannot be said that the second question of the special verdict is not supported by the evidence.

We also think that the third question, as to whether or not the failure to exercise care in giving notice was the proximate cause of the spoiling of the pelts, is supported by the evidence. It is argued that unless the pelts became damaged between the 16th and 20th of September the failure to give notice of the arrival in Milwaukee was not the proximate cause of such damage, and that there is not a scintilla of evidence tending to show that the pelts were damaged between those dates. We do not think it necessary, in order to entitle plaintiffs to recover, to show that the pelts were damaged between the 16th and 20th, although we think the jury would be warranted from the evidence in finding that the damage occurred during that period, in view of the fact that the proof tends to show that the pelts were shipped on the 10th or 11th of September and would remain in good condition for eight or ten days in warm and longer in cool weather, and that notice was not given until the 20th. The evidence also tends to show that the car did not reach Hartford until September 23d and that plaintiffs were not notified of such arrival until the 24th. This evidence shows that the pelts were not damaged until after they arrived at Milwaukee.

It is further insisted that the evidence shows contributory negligence on the part of the plaintiffs. There is no finding of contributory negligence, but in the fourth question of the special verdict the jury found that the act of the shippers in routing the shipment to Milwaukee instead of Hartford con-

tributed proximately to the spoiling of the pelts. It will be observed, however, that the answer to the fourth question does not find that the shippers were negligent in routing the shipment to Milwaukee instead of Hartford, but that it only contributed to the spoiling of the pelts. This obviously is based upon the idea that it took a longer time to ship to Milwaukee and then to Hartford than direct to Hartford; but it by no means follows that this established contributory negligence on the part of the shippers, because they had a right to select the route if shipment by the route selected could be made in the exercise of ordinary care without damage to the pelts. There was ample time to route by Milwaukee without injuring the pelts if proper care had been exercised on the part of the defendant. It was not established, therefore, that the plaintiffs were guilty of contributory negligence. *Stucke v. M. & M. R. Co.* 9 Wis. 202; *Valin v. M. & N. R. Co.* 82 Wis. 1, 51 N. W. 1084; *Lamb v. C., M. & St. P. R. Co.* 101 Wis. 138, 76 N. W. 1123; 1 Shearman & Redf. Neg. (5th ed.) § 99.

We are convinced that no error was committed on the trial and that the findings of the jury are supported by the evidence.

*By the Court.*—The judgment is affirmed.

TIMLIN, J., dissents.

A motion for a rehearing was denied, with $25 costs, on January 7, 1913.