MUELLER REAL ESTATE & INVESTMENT COMPANY, Respondent, vs. COHEN, Appellant.

*October 7—October 27, 1914.*

*Waters: Discharge of rainfall upon land of another: Damages: Evidence: Milwaukee civil court: Appeal: New trial.*

1. Any artificial structure erected upon the land of one person whereby the water which falls and accumulates on such land in rain or snow is caused to flow, either in a current or stream or in drops, upon the land of an adjacent owner, works a violation .of the latter's right of property and cannot be justified unless a right is shown by grant or by prescription.
2. Thus, where the rain falling upon defendant's dwelling house was collected and by means of conductor pipes was discharged upon the ground within a few feet of plaintiff's lot and building, and thence flowed in a current against the wall of such building and percolated through the wall into the basement, defendant was liable for the resulting injury to plaintiff's property.
3. An award of damages in such case for the full cost of the necessary repairs to plaintiff's building was not against the clear preponderance of the evidence, where plaintiff proved such cost and defendant offered no evidence, although the testimony of one witness for plaintiff indicated that, after the repairs were made, the building was in better condition than it was before being injured by the water, there being no evidence to show what the difference in value, if any, was.

4. Where, in an action tried in the Milwaukee civil court without a jury, the court held that plaintiff was not entitled to recover and therefore omitted to make any finding as to the amount of damages, although that issue, as well as the others, had been litigated and submitted for determination, the circuit court, on reversing the judgment, might properly, under sec. 28, ch. 549, Laws of 1909, determine all the issues upon the record without ordering the action to be retried.

APPEAL from an order and judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY,. Circuit Judge. *Affirmed.*

This is an action for damages. The plaintiff claims that its property has been injured by rain water being discharged from the defendant's house in such a manner that it percolated through the walls of the plaintiff's house and caused damage.

The plaintiff and defendant own adjoining lots 2 and 3, respectively, in Block A of Hathaway's subdivision in the First ward of the city of Milwaukee. The plaintiff's property runs north and south, while the defendant's runs east and west. There is a slope eastward of two feet on the defendant's property to an alley in the rear. On the defendant's lot there is situated a dwelling house which is two stories high except the addition on the northeast, which is only one story high. The plaintiff has a cottage on its premises which is situated at the rear of the lot. This cottage has a stone basement. The plaintiff's property has been graded down to a level with the street; the premises of the defendant are somewhat higher. About sixteen months prior to the trial the defendant had the conductor pipes carrying the rain water from the roof fixed or repaired so that the discharge of the water was just a few feet south of the plaintiff's house. The rain water discharged from these openings washed away the ground of the defendant's lot where it joined the property of the plaintiff, and worked its way through the stone wall of the plaintiff's house and into the basement and

Mueller R. E. & I. Co. v. Cohen, 158 Wis. 461.

Sketch Showing Situation of Premises.

kitchen thereof.   This caused injury to the woodwork and plaster and necessitated repairs thereof, and the plaintiff is suing for the cost of repairing the injury thus done to its building.   The testimony taken at the trial of the amount of the repairs was to the effect that the back wall, floor of the basement, and a closet over the basement floor had to be repaired.   Two of the men who worked on the repairing of the house testified on this subject.   The plaintiff, in answer to a question whether the house was in better condition after the repairs than it was before it was damaged by any of this water, testified: "Well, of course, there is depreciation, of course, to a certain extent, on everything."   Mrs. Rosche, a tenant of the house at the time in question, testified that the water came into the basement and into the closet above.   One of the witnesses, who helped make the repairs, testified that the building was in better condition than it was before any damage had been done by the water from the defendant's property.

This action was first brought in the civil court, and it was there held that any damage the plaintiff suffered was caused by the natural flow of surface water, for which the defendant was not liable.   On appeal to the circuit court the judgment of the civil court was reversed and the plaintiff given judgment for the amount of the cost of repairs in full, with interest from the date of the trial in the civil court.   From such judgment this appeal is taken.

*Louis L. Cohen,* for the appellant.

For the respondent the cause was submitted on the brief of *Lorenz & Lorenz.*

SIEBECKER, J.   The facts shown by the plaintiff's evidence are undisputed.   The defendant offered no evidence. As appears in the above statement, the water from the defendant's dwelling house was collected and, by means of a conductor pipe, was discharged at a place within a few feet from

the plaintiff's building and thence carried in a current against the wall of plaintiff's building and percolated through the wall into the basement in sufficient quantities so as to collect at times to the depth of about a foot. In *Huber v. Stark,* 124 Wis. 359, 102 N. W. 12, it was held:

"No one has a right, by an artificial structure of any kind upon his own land, to cause the water which falls and accumulates thereon in rain or snow to be discharged upon the land of an adjacent proprietor. Such an erection, if it occasions the water to flow, either in the form of a current or stream, or only in drops, works a violation of the adjoining proprietor's right of property, and cannot be justified, unless a right is shown by express grant or by prescription."

The instant case is one of this class and is governed by the rule applied in that case.

The circuit court awarded damages for the full amount of the cost of repairs of the parts of the building affected by the water. Defendant claims that this is excessive, because the building, after the repairs had been made, was in better condition than it was before it was injured by the water. True, the evidence of one witness indicates this last, but there is no evidence to show what such excess is, if anything. The defendant offered no evidence in the case. The plaintiff claimed that the damage amounted to the cost of making the repairs. This state of evidence furnished the circuit court but one basis on which to calculate the damages, namely, the cost of repairs. We cannot say that the conclusion of the court on this question is against the clear preponderance of the evidence.

On appeal the circuit court was called on to affirm the judgment of the civil court or modify and affirm it as modified, unless by reason of manifest prejudicial error the defendant had not had a fair trial in the civil court. It appears that prejudicial error had been committed. The circuit court had to ascertain whether the error could be corrected on the record and substantial justice be done and the

rights of the parties be preserved without granting a new
trial.    The record discloses that the issues were tried by the
judge of the civil court; that he had made findings of fact
and conclusions of law in the case on the issues which in his
opinion conclusively determined the rights of the parties.
Under the disposition of the case by the civil court the in-
quiry as to plaintiff's damages became immaterial and there-
fore the court omitted to make a finding on this question.
This omission cast on the circuit court the duty to determine
this question on the record on appeal if the rights of the par-
ties could be observed and protected and substantial justice
could be done, without ordering the action to be retried in the
circuit court in the manner as if originally brought there.
The parties had litigated the issues in the civil court and
submitted the case for final determination.    This furnished
a sufficient basis to the circuit court for a final determination
of the case on the record before it.    Sec. 28, ch. 549, Laws of
1909; *Eder v. Grifka,* 149 Wis. 606, 136 N. W. 154; *Hanna
v. C., M. & St. P. R. Co.* 156 Wis. 626, 146 N. W. 878;
*Pennsylvania C. & S. Co. v. Schmidt,* 155 Wis. 242, 144 N.
W. 283.

The circuit court properly awarded judgment on the rec-
ord in plaintiff's favor for recovery of its damages.

*By the Court.*—The judgment and order appealed from
are affirmed.

BARNES, J., dissents.