LERNER, Respondent, vs. LERNER, Appellant.*

*January 12—February 17, 1948.*

* Motion for rehearing denied, with $25 costs, on April 13, 1948.

*Berthold L. Berkwich* of Milwaukee, attorney, and *Harry C. Alberts* of Chicago, Illinois, of counsel, for the appellant.

For the respondent there was a brief by *Walter D. Corrigan, Sr.,* and *Nathan Pereles, Jr.,* attorneys, and *Emil Hersh* and *Thomas M. Corrigan* of counsel, all of Milwaukee, and oral argument by *Mr. Walter D. Corrigan, Sr., Mr. Pereles,* and *Mr. Hersh.*

Fowler, J.   The action was commenced by plaintiff husband in January, 1941, for divorce from the bonds of matrimony on the ground of cruel and inhuman treatment practiced by means other than personal violence.   The defendant presented a counterclaim for divorce from bed and board also on the ground of cruel and inhuman treatment practiced by means other than personal violence.

The trial judge found from the evidence "that the defendant has been guilty of a continuous course of cruel and in-

human treatment by means other than personal violence" and supplemented this general language by the following specific findings of fact covered by the allegations of the complaint:

"That about the year 1933 the defendant commenced, and up to the time of the separation of the plaintiff and defendant on February 2, 1939, practiced continuously said course of cruel and inhuman treatment of the plaintiff, by nagging, scolding, humiliating and belittling the plaintiff; that among other instances of the defendant's cruel and inhuman treatment toward the plaintiff, defendant said she was educated while he was not; said to him that his friends were not good enough for her; that he was a rotten foreigner; that he was ignorant; further the defendant told the plaintiff that her (defendant's) brothers had told the defendant that the plaintiff was worth $100,000, and that his income was $15,000 a year, and that she, the defendant, should get every cent of it, and further telling her, the defendant, that the plaintiff was a foreigner; that she allowed such suggestions of her brothers to interfere with the marital relations of the parties.    That during said period there were many acts of indifference and contempt on the defendant's part, and the plaintiff was subjected to a course of indignities and humiliation practiced by the said defendant, as a result of which the plaintiff was unable to obtain sufficient sleep or rest, or properly conduct his business, and caused him to become ill and depressed and it became necessary for the plaintiff to consult a physician, upon whose advice the plaintiff closed out his Vliet street business, which is hereinafter referred to; that it became intolerable for the plaintiff to continue to live with the defendant. . . .
"That the continuous and repeated demands for money made by the defendant were wholly unwarranted, for the reason that the plaintiff at all times made ample provisions for the home of the parties; that the defendant without reason became dissatisfied with her lot."

The actions of plaintiff relied on in support of the counterclaim were in general refusal of plaintiff to pay defendant sufficient money to meet necessary household expenses and requiring her to make repeated demands for money to meet

current bills for public-service household charges. In respect to the counterclaim the trial judge found generally that,—

"The defendant has failed to substantiate the allegations of her counterclaim,"

and specifically that,—

"The breach between these parties is wide and of long standing. The defendant has assumed a station in life which the plaintiff cannot afford nor maintain. . . . The defendant has made unreasonable financial demands on the plaintiff; her attitude has been mercenary."

The judge's findings quoted were based solely on the testimony of the parties. He manifestly believed the testimony of the plaintiff where it conflicted with that of the defendant. Under the familiar rule that findings of a trial judge will be supported unless contrary to the great weight and preponderance of the evidence we cannot disturb the findings of the trial judge as to the facts constituting grounds for divorce. We do not see that any good purpose would be served by detailing the testimony of the husband in support of the judge's findings, and will not encumber the opinion by reciting it.

The defendant's counsel seem to contend that every material allegation of the plaintiff's complaint must be "corroborated by one or more witnesses." If this were the rule a cause of action for divorce on grounds other than personal violence could seldom be supported for the acts relied on are nearly, if not always, done when no one but the parties is present. The rule invoked is a rule of court and is stated in sec. 247.18 (2), Stats., which reads:

"No judgment of divorce or annulment shall be granted on the testimony of the party, unless the required residence and grounds for divorce or annulment be corroborated except cruel and inhuman treatment, when no corroborating evidence is available."

In the instant case the acts relied on were done when no one but the parties, and at times their two children, were present,

the oldest nine years old when the last such acts were committed.   Corroboration by other witnesses does not appear to have been possible.   Besides the defendant produced as a witness the daughter of the parties, nine years old at the time the matters occurred as to which she was examined.   Her examination was five years after such time.   The other child, a son, was three years younger than the daughter.   Apparently the only witness who could possibly have furnished corroborating testimony of any value was in fact examined.   Her testimony was subject to evaluation by the trial judge with the whole evidence as to existence of the acts of cruel and inhuman treatment by the defendant and the judge's findings must be sustained.   It appears that the daughter was examined against the expressed feeling of the trial judge that it was improper to examine her, and that during her examination she began and continued to sob hysterically.   The court asked her what made her sob and she answered, "I think it is terrible, that is all."   Defendant's counsel then said "I would like to know what the witness referred to as 'terrible.'   May I know?"   The judge asked the girl if she wanted to amplify her answer that "it is terrible."   The witness answered "I think it is terrible that a person should just break up a home, and after all we need our father and mother both, it is no lie, after all."   Counsel then said "I will excuse the witness" and she was not afterward recalled.   We think that neither what was said during the trial between the judge and counsel as to the propriety of calling the daughter as a witness nor what occurred during her examination destroyed the efficacy of the judge's finding as to the existence of the facts which constituted cruel and inhuman treatment by the defendant or invalidated the judgment of divorce.

Defendant's counsel contend that if the judgment be upheld as a judgment of divorce, the evidence does not support the findings of the trial judge as to the property owned by the parties and its value and that the judgment, if upheld as one of divorce, should award a larger sum to be divided between

the parties and a larger ratio to be awarded to defendant, and that it should also award a larger sum to the defendant for support of the children. The provision of the judgment for support of the children reads:

"That from the date of the payment of said sum of five thousand, one hundred ten dollars ($5,110), the plaintiff shall pay to the clerk of this court an allowance of one hundred dollars ($100) per month as support money for Evelyn N. Lerner and Harold Seymour Lerner, the children of the parties, such monthly payments to continue until the elder of said children shall attain the age of twenty-one (21) years, at which time the plaintiff may make an application to review the amount to be continued as support money for the younger child until the latter shall also attain majority."

We consider that the award of $100 per month was within the sound discretion of the judge to award under the conditions existing at the time of the entry of judgment and cannot be disturbed. Questions of custody of children and the amount of the allowance for support up to the time the children become self-supporting are always open to revision by the court upon change of circumstances requiring or justifying it upon application of either party. The provision is construed as not precluding such an application. It merely requires a review when the daughter arrives at the age of twenty-one to determine what sum, if any, the plaintiff shall be required to pay for the son's support thereafter, until he arrives at the age of twenty-one. As so construed we perceive no prejudicial error in this provision.

The court found in effect that the only property of value, subject to division was the stock in a corporation, the Harold Realty Company, all held by the plaintiff, owner of certain real estate; that the value of the real estate, which comprised the only property owned by the company was $25,000, subject to a mortgage of $10,000, leaving $15,000 as the value of the equity in the real estate and of the stock. The court held that $400 of this $15,000 should be used by the plaintiff to pay off a

deficiency judgment against both parties rendered in a suit for foreclosure of a mortgage on property formerly held in the name of both parties, both of whom had signed the notes the mortgage in suit secured, and that the amount left for division between the parties was $14,600. Of this sum the court adjudged thirty-five per cent, $5,110, to be paid to the clerk of the court for the benefit of the defendant within four months, and that the stock of the Harold Realty Company be held by the clerk as security for this payment until the $5,110 be so paid to the clerk. The value of the property divided being fixed by the trial judge, the ratio of its value to be paid to the defendant was in the discretion of the court and the ratio cannot be changed by this court except upon the ground that the court abused sound discretion. This we cannot find and the division of property must be affirmed.

The court by the judgment awarded $300 to the defendant as her attorney fees. The judgment was entered July 12, 1946. The defendant procured an order to show cause why this allowance should not be increased, and on the hearing the attorney for the defendant filed an affidavit containing one hundred twenty-two items of service for which he claimed compensation for their reasonable value, aggregating $1,866.67 for preparation and for fifteen days appearance in court, eight days upon the trial of the case, aggregating $445.81, a total aggregate of $2,312.48. The court denied the motion for further allowance and the defendant appeals from the order of denial.

We have here a rather common variety of a divorce suit. There are no intricate questions of divorce law involved. There were delays in the trial almost innumerable made on application of the defendant. Issues were sought to be interposed on the trial not properly triable in a divorce suit and much time was consumed in these matters. Not more than a day or a day and a half was necessary for a proper and adequate trial of the case if the writer's experience of twenty-four

years as a circuit judge is an allowable basis for determination of that matter. The order denying compensation in excess of $300 as attorney fees to defendant is affirmed.

*By the Court.*—The judgment and order of the circuit court are affirmed.