Swazee, Appellant, vs. Lee, Administratrix, Respondent.

*April 2—May 8, 1951.*

For the appellant there were briefs by *Zillmer & Redford* of Milwaukee, and oral argument by *John M. Redford*.

For the respondent there was a brief by *Brazeau & Brazeau,* attorneys, and *Richard S. Brazeau* of counsel, all of Wisconsin Rapids, and oral argument by *Theo. W. Brazeau*.

BROWN, J.    It is not necessary to create a trust by written instrument but where it is alleged that a trust is created by parol the evidence concerning the creation and the terms of the trust must be clear and convincing. *Hartman v. Loverud* (1938), 227 Wis. 6, 277 N. W. 641. In a trial to the court findings of fact will not be set aside on appeal unless they are contrary to the great weight and clear preponderance of the evidence. *Lerner v. Lerner* (1948), 252 Wis. 87, 31 N. W. (2d) 208; *Ische v. Ische* (1948), 252 Wis. 250, 31 N. W. (2d) 607. The learned trial court here specifically found:

"8. That there was at no time created or established a trust of which plaintiff was a beneficiary or had any interest."

Its conclusion of law was:

"3. That the plaintiff never had any interest in said funds contingent or otherwise."

The judgment dismissed the complaint on the merits.

We have examined the evidence and are agreed that the quantity and quality of plaintiff's proof is not clear and convincing and the great weight and preponderance of the evidence is not in accord with his contention that the fund was to be his upon the death of his mother. Other questions raised thus become immaterial. The learned trial court's finding, ante, must be sustained and its judgment affirmed.

*By the Court.*—Judgment affirmed.