ENGLE, Appellant, vs. PETERS and others, Respondents.

*March 6—April 8, 1952.*

*Darrell O. Hibbard* of Eau Claire, for the appellant.

For the respondents there was a brief by *Slocumb & Bundy* of Menomonie, and oral argument by *Ira O. Slocumb.*

GEHL, J. Plaintiff attacks the finding that there was only one indebtedness at the time the $1,000 was paid. He contends that Leon Peters then owed him on other accounts and that the payment was made to apply and was applied against the other indebtedness. An issue of fact was presented.

We are satisfied from the record that if there was any other indebtedness it could have arisen only on account of a tractor which the plaintiff claims he had sold Leon before the sale of the timber. There is some suggestion that plaintiff may

have loaned Leon $300 or $400 but the testimony as to that was not of such character as to sustain a finding to that effect. It appears to be a fact that plaintiff's tractor was delivered to the farm but there is a sharp dispute as to the time of delivery and the nature of the transaction under which it was delivered. Plaintiff's witnesses testified that it had been delivered before payment of the $1,000 and plaintiff himself testified that it was sold to the brothers.

Plaintiff's bookkeeper's testimony that the tractor was delivered before February, 1946, but that there was no entry made on plaintiff's books indicating a sale, is significant. It is undisputed that the tractor was returned to plaintiff, which fact supports the inference that it had been loaned to Leon. The testimony of defendants' witnesses is to the effect that the tractor was not sold to either of the brothers but was loaned to them and that the tractor had not been delivered to the farm prior to the time of payment of the $1,000.

The trial judge properly attached some significance to the recital in the release to which we have referred. He said:

"The usual business procedure would be to require the payment of a part of the proceeds from the timber sale on the mortgage debt, since the security was substantially reduced. This was evidently the intention of the plaintiff at the time the release was given, for the release contains the words 'has been partly paid.' This is supported by the fact that Leon Peters paid the plaintiff $1,000 about sixty days after the release was executed."

Plaintiff urges that the fact that the mother made two interest payments on the basis of a $2,000 mortgage indebtedness after she acquired title to the farm was apparently overlooked. She explains that she paid without having computed the amount due. It is a circumstance which, if it stood alone, might suggest a contrary finding but we may not disturb a finding solely upon the ground that one significant circumstance tends to contradict the court's determination.

We cannot find that the preponderance of the evidence is contrary to the court's finding that there was only one indebtedness owing plaintiff in February, 1946, and that the $1,000 payment made at that time was applied to the mortgage indebtedness; we may not disturb it. *In re Village of Chenequa,* 197 Wis. 163, 221 N. W. 856.

*By the Court.*—Judgment affirmed.