JULIEN, Plaintiff, vs. JULIEN, Defendant. [Two appeals.]

*October 6—November 3, 1953.*

For the plaintiff there were briefs by *Morris Podell,* attorney, and *Daniel D. Sobel* of counsel, both of Milwaukee, and oral argument by *Mr. Sobel.*

For the defendant there were briefs and oral argument by *Richard J. McGinn* of Milwaukee.

FAIRCHILD, J.   Upon motion of attorney for the defendant, Eleanore Julien, the trial court extended the time in which to serve the proposed bill of exceptions. From that order plaintiff, Wilbur Julien, appeals. The court granted an order to show cause why the time for settling the bill of

exceptions should not be extended. Upon the hearing there was a discussion of the situation, and the court recited that "the plaintiff appearing by his counsel and the defendant appearing by her counsel and the court being fully advised in the premises and for good and adequate cause presented by defendant's present counsel of record; it is ordered that the time for settling a proposed bill of exceptions . . . is hereby extended." While the record does not show all that was said, beyond the substitution of attorneys, the extension was granted. There was a conference between the attorneys and the court. The appeal was taken promptly, the transcript was secured; and we consider that under the circumstances sufficient reason existed to warrant the court's ruling that there was good cause for granting the extension under sec. 269.45, Stats.

A considerable effort had been made by the parties themselves, by the divorce counsel, and by the department of domestic conciliation of the circuit court for Milwaukee county, to prevent this marriage ending in a divorce. Several divorce actions begun in the past had resulted in separations and reconciliations. On September 18, 1944, the wife began an action in which she sought an absolute divorce. A second action was commenced by the husband for an absolute divorce on January 9, 1947; the wife interposed a counterclaim asking for an absolute divorce. Those actions were dismissed. However, after each attempted adjustment the same pattern of conduct appeared on defendant's part.

The present action was commenced by the husband in January, 1951, and the wife counterclaimed for divorce from bed and board. The principal questions on this appeal are (1) whether the findings sustain the conclusions of the trial court that plaintiff is entitled to an absolute divorce, (2) whether in the division of the estate the allotment to defendant was fair and adequate, and (3) whether sec. 247.24,

Stats., was complied with in the matter of custody of the minor child.

It is apparent from the record now before us that the conclusions of the learned trial judge and the judgment rendered below were not hastily arrived at. We do not find in the evidence support for the attack on the findings which held the defendant guilty of cruel and inhuman treatment of the plaintiff. The periods of separation, the breaking up of the housekeeping plans, the storage of the household goods, the placing of the child, Richard, in St. John's School for the Deaf, at St. Francis, Wisconsin, are corroborative of the plaintiff's testimony. He testified that on occasions he had to prepare his own meals, that defendant constantly belittled his eating habits and criticized his friends, that she did not control her temper. It is conceded that she exercised no physical violence since the last reconciliation, but it is established that she refused to live as man and wife with her husband, and that whenever they tried being together her conduct was of a similar character. Evidence of these and other matters was summarized by the court in an oral opinion, and the evidence sustains the court's findings as to the conduct of the defendant and the conclusion that plaintiff is entitled to an absolute divorce. He said:

"In the case of Julien against Julien, Wilbur against Eleanore, the court has found for the plaintiff and findings of fact and conclusions of law will be presented. An absolute divorce has been granted to the plaintiff Wilbur Julien against the defendant Eleanore and among—we have found that the defendant exaggerates every little misunderstanding to the point where she makes a heavy tragedy of it and continues, retains recollections of those matters in their exaggerated form. She can't dissolute herself from those and the marriage becomes unbearable . . . as the defendant wife has made it.

"We will say . . . the plaintiff husband's life has become very burdensome and unbearable. He is a man in the best years of his life and he is entitled to go forward in a normal

way and we hope that the divorce here granted will leave the defendant Eleanore in the same state of mind."

"The judge's findings were based solely on the testimony of the parties. He manifestly believed the testimony of the plaintiff where it conflicted with that of the defendant. Under the familiar rule that findings of a trial judge will be supported unless contrary to the great weight and preponderance of the evidence we cannot disturb the findings of the trial judge as to the facts constituting grounds for divorce." *Lerner v. Lerner,* 252 Wis. 87, 90, 31 N. W. (2d) 208.

As to the division of property. Up to the time this action commenced the parties had owned together an unfinished home in Milwaukee. Title to a parcel of real estate located in Door county, Wisconsin, was in the name of the husband only; it was valued at about $3,000 and there was a mortgage in the sum of $2,500 with interest due thereon for some time. The home in Milwaukee was sold by order of the court, and after the outstanding bills were deducted from the proceeds there was a balance of $4,164.65. The judgment awarded each party one half of said sum of $4,164.65, or $2,082.32 to each. In addition the Door county property was awarded to the plaintiff husband. It was further adjudged that each party should pay his or her own attorney fees, costs, and disbursements.

In view of the fact that the defendant wife was, as appears from the facts above, awarded a sum approximating one half of the estate of the parties, we consider the court made a reasonable and proper division of the estate. In addition, the judgment reserves a determination with regard to alimony upon application to the court on a proper showing by the defendant.

The matter of allowance of attorney fees in a divorce case is discretionary with the trial court, and unless it can be shown that the court abused its discretionary power, this

court will affirm the determination made by the trial court. *Brackob v. Brackob,* 262 Wis. 202, 207, 54 N. W. (2d) 900.

The remaining question relates to the custody of the minor child, and the statute requires that the custody be placed in one or the other of the parents, unless "the court shall find that neither of the parents is a fit and proper person to have the care and custody of any such child." The purpose of this rule is that there shall be at least one person directly chargeable with the responsibility that accompanies having custody of a minor child. As suggested above, the arrangement provided for in the court's judgment in this instance may be practically sufficient. However, it is considered that the judgment should be modified by the court, determining which of the parents shall bear the responsibility of having the child placed in his or her custody. While the attitude of the parents toward each other is unfortunate, the trial court did not find that either one was unfit to have the custody of Richard, and we affirm the judgment in part as entered but remand the cause for further proceedings according to law.

*By the Court.*—Judgment affirmed in part, modified in part, and cause remanded. Order affirmed. Neither party to have costs; respondent to pay clerk's fees.