BLUMENFELD, Respondent, v. EICHENBAUM, Appellant.

*March 3—April 7, 1959.*

For the appellant there was a brief by *Hersh & Magidson* of Milwaukee, and oral argument by *Arthur Magidson*.

For the respondent there was a brief by *Rubin, Ruppa & Wegner* of Milwaukee, and oral argument by *Nathan Ruppa*.

DIETERICH, J. We have reviewed the testimony and evidence submitted in this case. In a trial to the court findings of fact will not be set aside on appeal unless they are contrary to the great weight and clear preponderance of the evidence. *Swazee v. Lee* (1951), 259 Wis. 136, 137, 47 N. W. (2d) 733; *Lerner v. Lerner* (1948), 252 Wis. 87, 31 N. W. (2d) 208; *Ische v. Ische* (1948), 252 Wis. 250, 31 N. W. (2d) 607; and *Engle v. Peters* (1952), 261 Wis. 347, 350, 53 N. W. (2d) 8.

The trial court in its determination found that the share or interest of defendant Eichenbaum in the joint building bank account of $1,837.36 was $405.14, and the partnership interest of plaintiff Blumenfeld was $405.14, and an additional sum of $1,027.08 was allowed to Eichenbaum pursuant to adjustments that had been determined in the trial.

The sale was confirmed on March 21, 1958, and the confirmation order signed March 24th. The purchase price was paid into court on March 27, 1958. The trial court held that the stipulation and the order made in respect to the balance of the purchase price held by the clerk was for the defendant's benefit in protecting his funds against the alleged misappropriations which the evidence in the trial of the accounting action might disclose, and held that the purchase price on deposit should bear interest at the statutory rate from April 11, 1958. This being a proceeding in equity, we find no abuse of discretion in allowing interest.

There being no record made with respect to the value of the services rendered by the plaintiff in connection with keeping books and records and making collections, the trial court was correct in allowing no compensation to the plaintiff for such services.

*Costs and attorneys' fee.* The minimum attorneys' fee based on the schedule of the Milwaukee Bar Association in

partition actions is $1,474. The trial court found that the defendant's answer and counterclaim did not, in the opinion of the court, make this proceeding adversary in character and allowed additional attorneys' fee for extraordinary services in the sum of $300. The court ordered the defendant to pay one half of the $1,474 plus $300 attorneys' fee allowed for extraordinary services in defending the counterclaim, making a total of $1,037, and the plaintiff's disbursements.

The court in making its determination as to the amount of attorneys' fee to be allowed used the minimum Milwaukee Bar Association rates as a guide, set the attorneys' fee in the partition suit at $1,474, required one half thereof to be paid by each of the parties, allowed the additional amount of $300 to the plaintiff in defense of the counterclaim, and this is within its discretion.

Sec. 276.27, Stats., provides:

"Costs, how paid. Unless the court otherwise direct the costs of every party to the action, with reasonable attorney's charges to be allowed by the court upon notice served personally, or by mail, on the parties who are known to be residents of this state, must be deducted from the proceeds of the sale and paid to his attorney; but the court may, in its discretion, direct the costs and expenses of any trial, reference, or other proceeding in the action to be paid out of the share of any party in such proceeds or may render judgment against any party therefor."

The statute is mandatory and requires notice to be served personally or by mail. The record fails to disclose that the proper notice as required under the statute was served.

We conclude that the learned trial court's findings and judgment thereon, with the exception of allowance of costs and attorneys' fee, must be sustained and the judgment is affirmed as so modified.

*By the Court.*—In so far as the judgment awards costs and attorneys' fee it is reversed, and cause remanded for further proceedings. In all other respects it is affirmed. No costs to either party on this appeal. Appellant to pay clerk's fees.