Rohm, Appellant, v. Rohm, Respondent.

*May 6—June 2, 1959.*

For the appellant there were briefs by *Cain & Herrling* of Appleton, and oral argument by *Don R. Herrling*.

For the respondent there was a brief and oral argument by *Cyrus D. Shabaz* of West Allis.

DIETERICH, J. The plaintiff-appellant, age forty-two years, and the defendant-respondent, age forty-four years, were married on September 14, 1936. One child, who died in 1956, was born to the parties. At the time of marriage neither party had any substantial property. The plaintiff received an inheritance in 1952 of approximately $1,100, and the defendant received total inheritances of approximately $1,100 in the years 1942 and 1955. Both plaintiff and defendant were hard workers throughout their married life. The plaintiff taught school from 1936 to 1947, earning approximately $10,000 after deducting transportation and other expenses. Later the plaintiff worked at various jobs, weighing sugar beets, serving as a census enumerator, doing office work for Milwaukee firms in 1950 and 1951, working as a cook in Yuma, Arizona, and after returning to Milwaukee in 1952, being employed by the Harnischfeger Corporation, later, in 1957, at Penney's, and at Hamilton's Bakery in Appleton; plaintiff earned in these latter jobs additional wages of approximately $8,000. During all the time she was working she maintained and kept up the home of the parties. The plaintiff, through her teaching work, accumulated in the Wisconsin teachers' retirement fund the sum of $2,116.50 resulting from her contributions and matching amounts from the state.

The defendant worked hard throughout his life operating a farm, dealing in the purchase and sale of farm machinery,

working as a truck driver, and at various other sundry jobs. He made a profit on the purchase and sale of several farms.

In 1953, the parties purchased land in Milwaukee and built a motel. The defendant assisted a great deal in its construction. After its completion both parties worked and assisted in its operation. In November, 1956, the parties sold the motel under an instrument dated November 1, 1956, for the sum of $195,000. A substantial part of the net worth of the parties hereinafter mentioned is a result of this motel transaction. In order to accurately establish the net worth of the parties the court appointed the E. A. Dettman Company of Appleton, certified public accountants, to submit a statement and balance sheet of the parties' assets and liabilities as of June 30, 1958.

The balance sheet of Emma and Carl Rohm dated June 30, 1958, is as follows:

| *Assets* | Carl Rohm | Emma Rohm |
|---|---|---|
| Cash on hand | $ 400.00 | |
| Cash in bank | | |
|    Wauwatosa State Bank | 728.81 | |
|    Appleton State Bank | | $ 268.85 |
| Investments | | |
|    Wauwatosa Savings & Loan Asso. | 12,454.82 | |
|    Sherman Savings & Loan Asso. | 10,000.00 | |
|    West Side Savings & Loan Asso. | 10,000.00 | |
|    Citizens Loan & Investment Co. | 8,000.00 | |
|    Surety Savings & Loan Asso. | 10,335.99 | |
|    Home Savings & Loan Asso. | 10,157.67 | |
|    Wisconsin Farmco Service Co-op. | 174.40 | |
|    Greenville Co-op. | 10.00 | |
|    Center Valley Co-op. | 569.25 | |
|    Series E U. S. savings bond | | |
|       6–1–44 | 28.10 | |
|    Land contract receivable | 135,800.00 | |
|    Conditional sales contract | 19,900.00 | |

| | Carl Rohm | Emma Rohm |
|---|---:|---:|
| Wis. teachers' retirement fund | . | 2,116.50 |
| Accrued interest receiyable on contracts | 648.75 | |
| Consolidated Badger Co-op. | 423.03 | |
| Residence and furniture | 20,000.00 | |
| Automobile | 2,000.00 | |
| Trailer | 1,000.00 | |
| Prepaid federal income taxes | 1,996.85 | |
| Total assets | $244,627.67 | $2,385.35 |

| Liabilities and Net Worth | Carl Rohm | Emma Rohm |
|---|---:|---:|
| Accounts payable | | |
| L. & W. Construction Co., Inc. $ | 500.000 | |
| Francis W. Rausch | 35.00 | . |
| Accrued federal income taxes (Six months estimated) | 1,450.00 | |
| Due Emma Rohm (June payment not made) | 250.00 | |
| Total liabilities | 2,235.00 | |
| Net worth | 242,392.67 | $2,385.35 |
| Total liabilities and net worth | $244,627.67 | $2,385.35 |

This case was tried as a default divorce. An absolute divorce was granted to the plaintiff, Mrs. Emma Rohm. The trial court made the following findings of fact in paragraph 8:

"That the conduct of the defendant to and toward the plaintiff was and has been a continued course of cruel and inhuman treatment as follows: That the defendant associated with another woman, namely, one Gladys Noha; that the defendant frequently flies into a fit of rage and temper and has struck and assaulted the plaintiff and has struck her in the face injuring her; that the defendant has made false accusations to the plaintiff, accusing her of going out with other men which is completely false; that the defendant is abusive and quarrelsome and has used vulgar and profane

names to the plaintiff; that defendant has threatened plaintiff and has stated that if he would kill her he would only get one to ten years; that on several occasions defendant has lied to plaintiff and is secretive about much of his conduct and his whereabouts; that defendant has continually belittled and berated the plaintiff without cause; that the defendant over an extended period of time has shown no love or affection for the plaintiff and has been extremely inconsiderate of the plaintiff and has absented himself from the home of the parties for long periods of time; the court specifically finds no adulterous conduct on the part of the defendant; that all of said conduct has caused the plaintiff herein pain, humiliation, and suffering in body and mind and has seriously affected the health of the plaintiff."

In *Swazee v. Lee* (1951), 259 Wis. 136, 137, 47 N. W. (2d) 733, it is stated:

"In a trial to the court findings of fact will not be set aside on appeal unless they are contrary to the great weight and clear preponderance of the evidence. *Lerner v. Lerner* (1948), 252 Wis. 87, 31 N. W. (2d) 208; *Ische v. Ische* (1948), 252 Wis. 250, 31 N. W. (2d) 607."

The trial court made a final division of property of the parties and awarded the following property to Emma Rohm, plaintiff, in lieu of all alimony, as a full and final division of property of the parties:

1. The residence and furniture of the parties located at 818 West Marquette street, Appleton, Wisconsin, valued at $20,000.

2. A $50,000 interest as of June 30, 1958, in the Milwaukee motel land contract receivable dated November 1, 1956, said amount to be a lien upon said property until paid; payments to be made at the rate of one third of the total instalments due each month on both the real estate and conditional sales contract until said principal is paid. The unpaid balance of said sum shall bear interest at the rate of five

per cent to be paid to the plaintiff as provided under the terms of the land contract dated November 1, 1956.

3. That the defendant pay forthwith the further sum of $20,000 cash or in lieu thereof transfer to plaintiff an equal amount of building and loan stock listed on the balance sheet.

4. The plaintiff is awarded all her interest in the Wisconsin teachers' retirement fund and is further awarded her personal banking account in the Appleton State Bank.

The trial court awarded to Carl Rohm, the defendant, all of the property listed on the balance sheet as of June 30, 1958, except those items awarded to Mrs. Emma Rohm, as hereinbefore set forth. The defendant Carl Rohm is to assume liabilities set forth occurring prior to the entry of temporary order for alimony.

It ordered the defendant, Carl Rohm, to pay plaintiff's attorney the further sum of $3,500 attorney's fees, plus disbursements in addition to the temporary attorney's fees previously provided.

It also ordered the defendant to pay forthwith the sum of $292.50 to the clerk of the court for the services and disbursements of the E. A. Dettman Company, certified public accountants. The order further provided that all sums unpaid pursuant to this order shall constitute a lien on the Milwaukee motel property.

The division of estate, allowance of attorney's fees and costs are matters within the discretion of the trial court, and the record disclosing no abuse of the exercise of the court's discretion, the judgment is affirmed. See *Brackob v. Brackob* (1952), 262 Wis. 202, 207, 54 N. W. (2d) 900, and *Brackob v. Brackob* (1953), 265 Wis. 513, 61 N. W. (2d) 849.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.