L. L. RICHARDS MACHINERY COMPANY, Respondent, v. McNAMARA MOTOR EXPRESS, INC., Appellant.*

*June 2—June 26, 1959.*

* Motion for rehearing denied, without costs, on October 6, 1959.

For the appellant there were briefs by *Edwin C. Rachow,* attorney, and *Jerome F. Treis* of counsel, both of Milwaukee, and oral argument by *Mr. Rachow.*

For the respondent there was a brief and oral argument by *John E. Krueger* of Milwaukee.

DIETERICH, J.  The learned trial court found:

"1. That said plaintiff, L. L. Richards Machinery Company, is a copartnership.

"2. That said defendant, McNamara Motor Express, Inc., is a corporation engaged in business as an interstate common motor carrier of freight.

"3. That on the 24th day of September, 1956, there was shipped and transported from St. Louis, Missouri, to Milwaukee, Wisconsin, on the lines of the defendant, pursuant to a uniform order bill of lading, one radial drill and a table.

"4. That said shipment when delivered to the defendant for carriage was in good condition.

"5. That upon arrival of said shipment in Milwaukee said plaintiff surrendered said bill of lading to said defendant.

"6. That at the request and direction of said plaintiff said shipment was thereupon delivered and released to Lorence Manufacturing Company of Milwaukee.

"7. That thereafter and upon inspection of said shipment it was discovered that said shipment had been damaged.

"8. That said shipment was damaged while in transit on the lines of the defendant.

"9. That the plaintiff's damages amounted to $2,110.32."

Its conclusions of law were:

"1. That defendant is liable as a common carrier for the said damage.

"2. That plaintiff is entitled to judgment in the amount of $2,110.32, together with interest thereon from the 24th day of September, 1956, and costs."

The testimony discloses that on the afternoon of September 23, 1956, representatives of the Lorence Manufacturing Company and the L. L. Richards Machinery Company inspected the machine, and it was found to be in good working condition.

The evidence further discloses the damaged condition of the machine, after arriving at its destination and delivery, as shown and explained by photographs taken by Mr. Lorence.

Mr. John R. Richards, sales manager of the respondent, testified that the Lorence Manufacturing Company notified him on the day of the arrival of the shipment in Milwaukee of the damaged condition of the machine. He further testi-

fied that the transfer company had been notified of the damage.

The shipment was made under a contract, namely, a uniform bill of lading. The bill of lading recited that the goods were received by appellant in apparent good order except as noted, consigned and destined to the Lorence Manufacturing Company at Milwaukee.

The court found that the respondent contracted with appellant to carry the machine in question safely from St. Louis to Milwaukee for a consideration, and that the machine was delivered to the defendant as a common carrier in good condition, and was damaged while in its possession in transit from St. Louis to Milwaukee through causes for which appellant failed to show that as such common carrier it was not liable. The bill of lading contained no exceptions and upon such facts and evidence we must conclude and hold the defendant-appellant liable for the damages sustained by the plaintiff-respondent.

The burden of proof is on the carrier to exempt itself from liability in case of loss or damage by showing that the damage was occasioned by one or more exceptions exempting it from liability. *L. Struebing Co. v. Merchants Despatch T. Co.* (1910), 142 Wis. 657, 126 N. W. 21.

Liability for damages attaches to the carrier when goods are in good condition when received unless it proves the damage was through some cause for which it is not responsible. *Uber v. Chicago, M. & St. P. R. Co.* (1913), 151 Wis. 431, 138 N. W. 57.

A recital in a bill of lading that the goods were received in apparent good order, relates to the condition of the goods. *Best v. Great Northern R. Co.* (1915), 159 Wis. 429, 150 N. W. 484.

A review of the evidence discloses that it was impossible to obtain on the open market the essential repair parts for this type of tool machine, and a trade catalog was used in

connection with procuring such parts. The costs of these repairs were as follows: Invoice for repair parts, $1,857.75; freight on repair parts, $18.97; Lorence Manufacturing Company repair charges, $120; coolant pump, $73.60; L. L. Richards service man, $40; total, $2,110.32.

Where only a portion of a machine is damaged and repairs are necessary before any of it can be used, the reasonable cost or value of the repairs is the proper measure of damages. See 15 Am. Jur., Damages, p. 533, sec. 124; *Mueller R. E. & I. Co. v. Cohen* (1914), 158 Wis. 461, 149 N. W. 154, and *Zindell v. Central Mut. Ins. Co.* (1936), 222 Wis. 575, 269 N. W. 327.

We find it unnecessary to further discuss the evidence for in a trial to the court findings of fact will not be set aside on appeal unless they are contrary to the great weight and clear preponderance of the evidence. *Swazee v. Lee* (1951), 259 Wis. 136, 47 N. W. (2d) 733; *Lerner v. Lerner* (1948), 252 Wis. 87, 31 N. W. (2d) 208; *Ische v. Ische* (1948), 252 Wis. 250, 31 N. W. (2d) 607; and there being sufficient and ample evidence to support the findings, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.