WAGNER, Appellant, v. WAGNER, Respondent.

*May 3—June 6, 1961.*

26

For the appellant there was a brief by *Gruhle, Fessler, Wissbroecker & Van de Water* of Sheboygan, and oral argument by *Jacob A. Fessler* and *Douglas K. Van de Water.*

For the respondent the cause was submitted on the brief of *Alfred B. Gerber* of Sheboygan.

BROWN, J.   Plaintiff complains that the allowance to the wife of one third of the net assets of the parties is so excessive as to be an abuse of discretion, where the wife is the offending party.   In its written opinion determining the issues, the trial court states that the parties agreed to have the action tried as a default divorce case for the convenience of the husband and under such circumstances the court "did not intend to hold against the wife whatever misconduct on her part was shown by the testimony, or to penalize her therefor in the division of the property." Appellant submits that the court erred in a division of property which did not reflect the wife's misconduct.

Sec. 247.26, Stats., authorizes the court to divide the estate of the husband and so much of the estate of the wife as has been derived from the husband between the parties "after having given due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties and all the circumstances of the case; . . ." The conduct which caused the divorce is certainly one of "the circumstances of the case" as we have repeatedly recognized for proper consideration by the trial court. *Yasulis v. Yasulis* (1959), 6 Wis. (2d) 249, 94 N. W. (2d) 649. However, the statute provides no guide to the trial judge in determining the weight or the effect of the consideration which he must give to the various elements enumerated in the statute or to where the court shall draw the property-division line. Having this statute in mind, we have uniformly held that "the division of property, in a case of this sort [divorce], is peculiarly a matter resting in the discretion of the trial court, subject to such rules as have been established by this court for guidance in respect to the matter." *Gauger v. Gauger* (1914), 157 Wis. 630, 632, 147 N. W. 1075; *Yasulis v. Yasulis, supra.* One of the guides referred to in the *Gauger* opinion is that in general a clear third of the whole is a liberal allowance to the wife, subject to be increased or decreased according to special circumstances. Appellant protests the court's allowance of one third of the joint assets to the wife, considering that the special circumstances of the case include the wife's misconduct and demands recognition by a reduction of her share of the "liberal allowance" of one third. The conduct of the respective parties is only one circumstance to be considered. In the *Gauger Case,* among the facts to be considered, we called attention to the age of the parties, their health, their ability to earn money, the manner in which the property was acquired, and other circumstances bearing on

the question of an equitable distribution, as the statute itself directs. Although Mrs. Wagner did work occasionally in the past, the evidence demonstrates that she has slight earning capacity, and at forty years of age she is making a late start in becoming a substantial wage earner. On the other hand, Mr. Wagner has a demonstrated capacity to earn $1,000 per month. Although in *Lerner v. Lerner* (1948), 252 Wis. 87, 31 N. W. (2d) 208, a husband was granted a divorce because of his wife's cruelly and inhumanly treating him, the trial court made a property division giving to the wife 35 per cent of the estate of the parties. We held that the trial court did not abuse its discretion in making that allowance and we affirmed. In *Julien v. Julien* (1953), 265 Wis. 85, 60 N. W. (2d) 753, the trial court decreed a divorce to the husband with an *equal* division of property between the parties, and a reservation of jurisdiction to permit a later allowance of alimony to the wife. Although the wife was the offending party we held that such a division did not constitute an abuse of discretion. These examples, among others easily found, demonstrate that a wife's cruel treatment of her husband is a circumstance to be considered but is not *necessarily* decisive in cutting the wife's share of a division of property below one third.

In our view the trial court here had a sufficient basis in all the circumstances for the allowance to the wife of one third of the present assets without an abuse of discretion. However, that is not to say that the record substantiates the court's computation and allocation of the distributable assets.

The assets of the parties have a value of $10,499.04, as found by the trial court, but the court declared that the contribution of the wife to such assets out of her separate estate was $5,000, which should be repaid her first out of the joint assets. The evidence shows that Mrs. Wagner had received

two legacies from relatives and from them she made a partial payment on the home of the parties amounting to $2,500 and she also financed the purchase of the automobile which is appraised at $1,250. Mr. Wagner disputes the valuation of the car, but the trial court accepted the evidence for it and it satisfies us also. However, we find no justification in the record to support the trial court in its determination that the wife's contribution to the present assets is $5,000. The court says that he sets this figure "somewhat arbitrarily." We can agree, at least, with that. The record shows that Mrs. Wagner from her separate estate contributed $2,500 to the purchase of the home, $1,250 to the automobile, and possibly $365 to the furniture they now own. The other items of the court's tabulation of assets clearly were paid for out of the wages which Wagner sent home. Mrs. Wagner contributed substantially from her separate estate to pay household expenses while her husband was out of work, and perhaps at other times. That is a circumstance which the court could consider giving some equity to an erring wife in reaching the proportionate division of joint assets, but in determining property to be returned to her in full on the supposition that she paid for it out of her separate estate, no more than $4,115 is sustained by the evidence.

We consider that the trial court erred also in its conclusion that the value of the property derived from Mrs. Wagner's separate estate is first to be given to her and that one third of the same may be given to her over again in the division of the total assets. If there were no assets except those purchased by the wife's separate estate, the court's formula would give all assets to Mrs. Wagner and an additional one third of their value to her. In other words, the court would be assigning to Mrs. Wagner 133⅓ per cent of all

the assets, which we could not regard as a division of the estate of the husband and that of the wife's estate which is derived from the husband, as sec. 247.26, Stats., permits.

We may say that upon this record we would not have given Mrs. Wagner as favorable consideration as did the learned municipal court. We think that the husband's conjugal and financial trust in his wife has been ill-rewarded but, while we cannot greet the trial court's division with cheers, we recognize that discretion in the division of property lies in the trial court and its judgment must prevail unless there is a clear abuse of its discretion. We can and do sustain that court's property division as within the bounds of its discretion, for one third of the assets on hand which were not derived from the wife, and all of the assets which were derived from her. We think angels could give her no more. That results:

```
Total assets......................$10,499.04
Wife's contribution...............  4,115.00
```

```
For division, estate derived from hus-
      band .....................$ 6,384.04
Distribution to the wife:
   Her contribution in full....................$4,115.00
   One third the balance of $6,384.04..........  2,128.01
                                                $6,243.01
```

The court assigned to her this property:

```
Equity in real estate...............$2,300.00
Automobile  ......................  1,200.00
Furniture  ......................    894.00
Smith note.......................    380.24
Children's notes..................    290.00
                                    $5,064.24
```

Additional cash to be paid by plaintiff...........$1,178.77

*By the Court.*—The judgment is modified by reducing the cash to be paid by Mr. Wagner from $3,385.44 to $1,178.77, and as so modified, judgment is affirmed. Costs to be paid by respondent.